UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

ALBERT H. DOLES, JR.,

    Petitioner,

v.

J. C. HOLLAND, *Warden*,

    Respondent.

Civil Action No. 0:10-00089-HRW

**MEMORANDUM OPINION AND ORDER**

\*\*\*\*\* \*\*\*\*\* \*\*\*\*\* \*\*\*\*\*

Albert H. Doles, Jr., confined in the Federal Correctional Institution located in Ashland, Kentucky ("FCI-Ashland"), has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Docket No. 2].

As Doles has paid the $5.00 filing fee, the Court screens his petition pursuant to 28 U.S.C. § 2243. At the screening phase, the Court must dismiss any petition that "is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself without need for consideration of a return." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (citations omitted).[1]

---

[1] The Court holds *pro se* pleadings to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the Court accepts as true a *pro se* litigant's allegations and liberally construes them in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).

Doles alleges that his federal conviction violates the Due Process Clause of the Fifth Amendment of the United States Constitution. Because Doles has shown neither that his remedy under 28 U.S.C. § 2255 was inadequate and ineffective to challenge his conviction, nor that he is actually innocent of the two offenses to which he pleaded guilty, Respondent J.C. Holland, Warden of FCI-Ashland, will not be required to file an answer and the § 2241 petition will be dismissed with prejudice.

## CRIMINAL CONVICTION

On September 25, 2000, Doles pleaded guilty to one count of distribution of crack cocaine within 1,000 feet of a public school, in violation of 21 U.S.C. §§ 841 and 860, and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). *United States v. Doles*, 3:00-CR-00202-JRS (E.D. Va.) ("the Trial Court"). On December 19, 2000, the Trial Court sentenced Doles to consecutive prison terms of 240 months on the crack cocaine distribution charge and 60 months on the firearm charge. Doles did not appeal his sentence.

## POST-CONVICTION LITIGATION

On January 22, 2002, Doles filed a motion in the Trial Court to vacate his sentence under 28 U.S.C. § 2255. Doles raised three issues: (1) ineffective assistance of counsel concerning the advice to plead guilty; (2) ineffective assistance of counsel by failing to argue for the dismissal of count four; and (3) failure to prove possession

of a firearm in furtherance of a drug trafficking crime. As to his § 924(c)(1) claim, Doles argued that because he did not carry the firearm during any of the drug transactions in question, he could not have been found guilty of possession of a firearm in furtherance of a drug trafficking crime.

The Trial Court denied the § 2255 motion, finding that as to all three arguments, Dole had not carried the burden of proving his grounds of collateral attack by a preponderance of the evidence. *See United States v. Doles*, No. 3:00-CR-202, 2002 WL 32443532 (E.D. Va. March 20, 2002). The Trial Court concluded that Doles had offered no compelling reason to support his Sixth Amendment claim that he did not enter a knowing and voluntary plea of guilty to the charge of possession with intent to distribute crack cocaine within 1,000 feet of a school. *Id.* at *3.

Specifically, the Trial Court reviewed the transcripts from Doles' re-arraignment proceeding, wherein it had expressly determined that: (1) Doles was fully competent and capable of entering an informed plea; (2) Doles responded to questions in open court, stating that he had not been promised anything not contained in the written Plea Agreement; (3) Doles had not been not forced to enter a plea, (4) Doles understood the maximum penalties and that nobody could tell him what his sentence would be; and (5) the information contained in a separate "Statement of Facts" which Doles had signed, setting forth his involvement in school proximity

drug and firearm offenses,[2] had been correct. *Doles*, 2002 WL 32443532 at *2.

The Trial Court also rejected Doles' claim that his guilty plea was involuntary because of ineffective assistance of counsel. The Trial Court noted that Doles had contradicted that claim by admitting in his § 2255 petition that although he was guilty of possessing crack cocaine with intent to distribute, he had never intended to distribute it within 1,000 feet of a school. *Doles*, 2002 WL 32443532 at *3.

Based upon Doles' admissions of guilt in the "Statement of Facts," the Trial Court also rejected his argument that the government had failed to prove possession of a firearm in furtherance of a drug trafficking crime. The Trial Court stated that:

> Although the ties between the firearm and the drug transaction are admittedly not the strongest in the case of Mr. Doles, the fact that Mr. Doles kept his stash of drugs in relatively close proximity to his handgun is sufficient to support a charge of possession of a firearm in furtherance of a drug trafficking crime.

*Id.*

Doles filed a motion seeking reconsideration, which the Trial Court denied. *United States v. Doles*, No. 3:00-CR-202, 2002 WL 32512673, at *1 (E.D. Va. April 25, 2002). Doles appealed. In a one-page Order dated October 16, 2002, the Fourth

---

[2] In the four-page Statement of Facts, Doles set out the elements of the offenses; acknowledged selling crack cocaine in a Walgreens' and a McDonald's parking lot in May 2000; acknowledged that both parking lots were located within 1,000 feet of an elementary school; and admitted that drug paraphernalia, $14,000 in U.S. currency, 734.8 grams of crack cocaine, and a Lorcin .380 handgun seized from a residence at 6512 Cyrus Street belonged to him. *Id.* at *3.

Circuit affirmed the denial of Doles' § 2255 motion, finding that the Trial Court had adequately presented the facts and legal arguments and that oral argument was unnecessary. *See United States v. Doles*, 48 F. App'x 80, **1 (4th Cir. 2002).

In November 2008, Doles sought modification of his sentence under 18 U.S.C. §3582(c)(2). On January 20, 2009, the Trial Court denied that motion.

## CLAIMS ASSERTED IN § 2241 PETITION

Doles asserts two claims. First, he seeks to vacate his federal sentence in light of *United States v. Almany*, 598 F.3d 238 (6th Cir. 2010). In *Almany*, the Sixth Circuit held that a defendant's consecutive sentencing to both a five-year mandatory minimum sentence for possession of a firearm in furtherance of a drug trafficking crime and a ten-year mandatory minimum sentence for a cocaine offense was prohibited. *Id.*, 241-42. Doles contends that under *Almany*, he is actually innocent of "carrying" a firearm under § 924(c); that the savings clause of § 2255 applies; and that he is entitled to relief from his conviction and sentence in this § 2241 proceeding.

Second, Doles alleges that because the Trial Court failed to advise him during his Plea Colloquy that he was waiving his right to appeal under 18 U.S.C. § 3742, his guilty plea was unknowing and involuntary. Accordingly, Doles contends that he was denied due process of law when he pleaded guilty to the drug and firearm offenses.

5

## DISCUSSION
### 1. 28 U.S.C. § 2255 Remedy Was Neither Inadequate nor Ineffective

Doles is not entitled to relief under § 2241 because he fails to show that his remedy in the Trial Court under 28 U.S.C. § 2255 was inadequate or ineffective to challenge the legality of his detention. Section 2255 provides the primary avenue of relief for federal prisoners claiming the right to release as a result of an unlawful sentence. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (citing 28 U.S.C. § 2255(a)). It is the mechanism for collaterally challenging errors that occurred "at or prior to sentencing." *Eaves v. United States*, No. 4:10-cv-00036, 2010 WL at 3283018 at * 6 (E.D. Tenn., August 17, 2010) (citing *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir.2000)).

This rule has one exception: the "savings clause" of § 2255 permits relief under § 2241 if § 2255 is "inadequate or ineffective to test the legality of the detention." *Terrell*, 564 F.3d at 447 (quoting *Witham v. United States*, 355 F.3d 501, 505 (6th Cir. 2004)); *see* 28 U.S.C. § 2255(e). A federal prisoner may not challenge his conviction and sentence under § 2241 "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief." *See* 28 U.S.C. § 2255(e). He must prove that his § 2255 remedy was inadequate or ineffective to challenge the legality of his detention.

*Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999); *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003).

The Court can dispense in short order Doles' argument that the *Almany* decision provides a retroactive basis for relief under § 2241. Doles filed the instant § 2241 petition on September 3, 2010. A little over two months later, on November 15, 2010, the Supreme Court abrogated the *Almany* decision. *See Abbott v. United States*, 562 U.S. ----, 131 S.Ct. 18 (2010). Because *Almany* is no longer good law, it does not afford Doles any relief under § 2241.

Next, Doles' other claim, that because his guilty plea was unknowing and involuntary his remedy under § 2255 was an "inadequate and ineffective" means of challenging his conviction and sentence, also lacks merit. In his §2255 motion, Doles argued that his plea was involuntary and thus defective under the Sixth Amendment because his counsel had failed to apprise him of various ramifications of pleading guilty. The Trial Court analyzed and rejected Doles' Sixth Amendment collateral challenges to his guilty plea, finding that Doles had offered "no compelling reason to support his belief that he did not enter a knowing and voluntary plea of guilty to the charge of possession with intent to distribute crack cocaine within 1,000 feet of a school." *Doles,* 2002 WL 32443532 at *3.

Dole's current challenge to his guilty plea, based on the Trial Court's alleged failure to make all proper disclosures during the Plea Colloquy, is essentially a re-hash of the same Sixth Amendment challenges to his guilty plea which he previously and unsuccessfully asserted in his § 2255 motion. The remedy under § 2255 is not "inadequate and ineffective" where the prisoner missed an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law. *Charles*, 180 F.3d at 756; *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002). Because Doles' remedy under § 2255 was not an inadequate or ineffective to challenge his guilty plea, he cannot obtain relief on essentially the same grounds via § 2241.

In his current petition, Doles appears to be asserting a slightly different version of his prior claim that his guilty plea was uninformed and thus involuntary. Here, he claims that the *Trial Court* failed to make all proper disclosures during the Plea Colloquy. To the extent that Doles is asserting a "new" challenge to the legality of his guilty plea, he still fails under *Charles* to establish that his § 2255 remedy was inadequate or ineffective. This is because Doles could have raised this precise claim in the Trial Court when he filed his § 2255 motion in 2002, but he failed to do so. Section § 2241 is not a catch-all remedy to assert claims that could have been brought under §2255. *Charles*, 180 F.3d at 758. It is available only to the rare habeas petitioner who can show that his § 2255 remedy was truly "inadequate and

8

ineffective." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001).

As to Doles' claim that the Trial Court's alleged omissions caused him to enter into an uninformed involuntary guilty plea, he cannot show that his § 2255 remedy was inadequate and ineffective under either the Fifth or Sixth Amendments of the United States Constitution. Accordingly, the savings clause of § 2255 is not implicated and relief under § 2241 is unavailable.

## 2. No Showing of Actual Innocence

The only other circumstance under which § 2241 can be invoked through the savings clause of § 2255 arises when the movant alleges "actual innocence." *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003). Actual innocence requires "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. at 623-24; *Hilliard v. United States*, 157 F.3d 444, 450 (6th Cir. 1998); *Reyes-Requena v. United States*, 243 F.3d 893, 903-04 (5th Cir. 2001). The movant must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent of the crime." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Doles makes no showing of actual innocence which would entitle him to relief under § 2241.

Doles's guilty plea, which the Trial Court discussed at length in its March 20, 2002, Order denying Doles' § 2255 motion, squarely refutes his current § 2241 claim

that he is "actually innocent" of both the §§ 841 and 860 drug-in-proximity-to-a public school offense and the § 924(c)(1) firearm offense for which he is serving his current sentence. A defendant's "informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable." *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007) (citing *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999)); *see also United States v. McGilvery*, 403 F.3d 361, 362-63 (6th Cir. 2005).

In its March 20, 2002 Order, the Trial Court found that Doles' guilty plea was knowing and voluntary under the Sixth Amendment. For same reasons the Trial Court cited, this Court finds that Doles' guilty plea was also knowing and voluntary under the Due Process Clause of the Fifth Amendment. Because Doles's § 2255 remedy was not inadequate or ineffective to challenge his conviction under the Fifth Amendment, and because Doles has not shown that he is actually innocent of the drug and firearm offenses, he can not invoke the savings clause of § 2255. His § 2241 petition will be denied and this action will be dismissed, with prejudice.

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1) Albert H. Doles, Jr.'s petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Docket No. 2] is **DENIED**;

(2) This action will be **DISMISSED**, *sua sponte*, with prejudice from the

docket of the Court; and

(3) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of Respondent J.C. Holland, Warden of FCI-Ashland.

This 2 day of March, 2011.

                                                 HENRY R. WILHOIT, JR.
                                                 SENIOR U. S. DISTRICT JUDGE